BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
eryan@bffb.com
psyverson@bffb.com
Telephone:   (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone: (619) 756-6978

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN (*To be admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
sweltman@futtermanhoward.com
Telephone: (312) 427-3600

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONIDAS JOVEL, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOIRON, INC.; BOIRON USA, INC.; LABORATORIES BOIRON,<br><br>Defendants. | Case No. CV11-10803 SVW (SHx)<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE §17200 *et seq.*;<br>2. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750 *et seq.*; AND<br>3. BREACH OF EXPRESS WARRANTY.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Leonidas Jovel ("Plaintiff"), by and through his attorneys, brings this

action on behalf of himself and all other similarly situated California residents against

Defendants Boiron Inc., Boiron USA, Inc. and Laboratories Boiron (collectively "Boiron" or "Defendants"), and alleges as follows:

## NATURE OF ACTION

1.      Defendants manufacture, market, sell and distribute Oscillococcinum and Children's Oscillococcinum (the "Products" or "Oscillo"). Through uniform nationwide representations made on the packaging of the Products, Defendants urge consumers to "Take Oscillo at the First Sign of Flu-Symptoms!" that the Products "Temporarily relieves flu-like symptoms such as run-down feeling, headache, body aches, chills and fever" (hereafter "flu-symptoms"), and that its sole active ingredient reduces "the duration and severity of flu-like symptoms". The Products' packaging states that it is for "Adults" and for "children 2 years of age and older."

2.      Defendants' Oscillo does not provide relief from flu-symptoms. Clinical cause and effect studies have shown that the sole "active" ingredient in Oscillo, Anas Barbariae Hepatis et Cordis extractum 200K ("Anas Barbariae"), does not work as represented by Defendants and, in particular, it does not temporarily relieve flu-symptoms. Furthermore, as discussed herein, the process by which Defendants make Oscillo results in the Anas Barbaraie being diluted to such a degree that even if it were effective in relieving flu symptoms – which it is not – the odds of even a molecule of Anas Barbariae extract being in a dose of Oscillo is mathematically impossible. Thus, Oscillo is, unbeknownst to consumers, essentially water and sugar.

3.      In addition, Defendants do not have competent and reliable scientific evidence to support their representations.

4.      As a result of either or all of the foregoing, Defendants' representations are false, misleading, and reasonably likely to deceive the public.

5.      Despite the deceptive nature of Defendants' representations, Defendants conveyed and continue to convey their deceptive temporary relief of flu-symptoms representations through a variety of media (including their website and online

promotional materials) and, most important, uniformly at the point of purchase on their Products packages and labeling. Further, the only reason that any consumer would purchase Oscillo is to obtain flu-relief health benefits, which Oscillo does not provide.

6.      As a result of Defendants' deceptive representations, consumers - including Plaintiff and other members of the proposed Class - have purchased products that do not perform as advertised.

7.      Plaintiff brings this action on behalf of himself and other similarly situated California consumers who have purchased the Products to halt the dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Oscillo products.  Plaintiff alleges violations of the Consumers Legal Remedies Act, the Unfair Competition Law, and Breach of Express Warranty created by Defendants' advertising, including false labeling.

**JURISDICTION AND VENUE**

8.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a state different from Defendants.

9.      This Court has personal jurisdiction over Defendants because Defendants are authorized to do and do conduct business in California.  Defendants have marketed, promoted, distributed, and sold Oscillo in California, and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred while she resided in this judicial district.  Venue is also proper under 18 U.S.C. § 1965(a) because Defendants transact substantial business in this District.

## PARTIES

11.    Plaintiff Leonidas Jovel resides in Los Angeles, California. In or around November 2011, Plaintiff Jovel was exposed to and saw Defendants' representations by reading the packaging of Defendants' Oscillo product.  Plaintiff Jovel purchased one box of the Product in reliance on Defendants' flu-symptoms representations from a third-party retailer in Los Angeles.  He paid approximately $20 for the Product.  The Oscillo product Plaintiff purchased did not reduce or relieve his flu-symptoms as represented. As a result, Plaintiff Jovel suffered injury in fact and lost money.

12.    Defendant Boiron, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania.  Defendant Boiron Inc.'s headquarters is at 6 Campus Boulevard, Newtown Square, Pennsylvania.  Borion Inc. is the United States subsidiary of Defendant Laboratories Boiron.

13.    Defendant Boiron USA, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania. Defendant Boiron USA, Inc.'s headquarters is at 6 Campus Boulevard, Newtown Square, Pennsylvania.  Borion USA, Inc. is the United States subsidiary of Defendant Laboratories Boiron.

14.    Defendant Laboratories Boiron is a French Company that does business in California and throughout the United States through and with its United States subsidiaries.  For example, the packaging of Oscillo states that the Products are: "made in France by Boiron."  Likewise, on its "shareholders'" website http://www.boiron.com/en/Shareholders-and-investors-area/Group-information/Boiron-worldwide, Boiron includes its North American sales revenue as part of the company's overall performance for shareholder review and indentifies itself as the 100% owner of the United States subsidiaries.

15.    Defendants Boiron Inc., Boiron USA, Inc. and Laboratories Boiron have

manufactured, advertised, marketed, distributed, or sold, the Oscillo products to tens of thousands of consumers in California and throughout the United States.

16.    Plaintiff is informed and believes, and thus alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, employment, representation, on behalf of such partnership or joint venture, and/or as such alter ego, with the authority, permission, consent, and/or ratification of the other Defendant.

## FACTUAL ALLEGATIONS

17.    Defendants have and continue to manufacture, distribute, market, and sell Oscillo for the relief of flu-symptoms.

18.    Oscillo is sold nationwide throughout a variety of retail outlets ranging from drugstores such as the CVS chain to grocery stores such as Whole Foods. Oscillo is is available in 6, 12 or 30 dosages and sell for between $12 and $20. The following is a screen shot of an exemplar of an Oscillo package:

 

19.    Throughout the class period and to the present, Defendants have consistently conveyed the message to consumers throughout California and the United States that Oscillo will temporarily relieve flu-symptoms and reduce the duration and severity of flu-like symptoms simply by taking the recommended doses of Oscillo every twenty-four hours. Defendants' representations are false, misleading and deceptive.

5

20.   Defendants represent on the Oscillo packaging that the claimed health benefits are achieved through the one purported active ingredient – Anas Barbariae.  For example, directly to the right of Anas Barbariae being listed a column on the packaging states, "PURPOSE – To reduce the duration and severity of flu-like symptoms." Anas Barbariae is an extract taken from the heart and liver of a duck. Apart from the fact that the clinical research and analysis demonstrates that Oscillo and its sole active ingredient, Anas Barbaraie, does not work as Defendants represent and there is no clinically based reason to recommend the use of these Products for the relief of flu-symptoms. Defendants know, but fail to disclose to consumers, that a dose of Oscillo is in reality a dose of sugar and nothing else.

21.   In the process of making Oscillo, Defendants subject this extract through a series of 200 dilutions such that even if Anas Barbariae were proven to be effective in the treatment of flu-symptoms – which it is not – the Anas Barbariae in Oscillo is so diluted that the odds of even one molecule of the original Anas Barbariae extract being in a dose of Oscillo is a mathematical impossibility.

22.   Thus, Defendants essentially drop a solution of water on lactose and sucrose (the two listed inactive ingredients) and market and sell it as a flu remedy. In short, Defendants manufacture, market and sell sugar as a flu-remedy.

23.   Furthermore, as a result, there is and can be no competent and reliable scientific evidence that taking Oscillo can provide relief of flu-symptoms - it is sugar and water. Thus, it comes as no surprise that clinical cause and effect studies have found that Oscillo does not work as Defendants represent.

24.   Nevertheless, Defendants, with full knowledge of the dilution process that they use to prepare the Anas Barbaraie in their Oscillo products and in the face of the negative studies and scientific analyses indicating that Oscillo does not work as Defendants represent, and without any scientifically valid confirmation that Oscillo is effective in relieving flu-symptoms for both adults and children over the age of 2,

1    Defendants prominently represent on the Products' packaging and labeling that Oscillo

2    temporarily relieves and reduces the duration and severity of flu-symptoms. Front, back

3    and top shots of a representative Oscillo product label appears as follows:

Front



Back



Top



7

*The impact of Defendants' wrongful conduct*

25.     Despite the fact that Oscillo is nothing more than sugar and water and despite the existence of clinical studies and scientific analyses that have concluded that there is no causative link between Oscillo or its active ingredient in relieving flu-symptoms, Defendants continue to unequivocally claim that Oscillo temporarily relieves flu-symptoms and reduces the duration and severity of flu-symptoms for adults and children above the age of 2.

26.     As the manufacturers and distributors of Oscillo, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in Oscillo and are in a superior position to learn of the composition of Oscillo and the effects or lack thereof Oscillo has on consumers.

27.     Specifically, Defendants affirmatively misrepresented that Oscillo relieves flu-symptoms.  Having made these affirmative misrepresentations, Defendants failed to disclose what they knew: (1) Oscillo is essentially water and sugar; (2) clinical cause-and-effect studies have shown that neither Oscillo nor its sole active ingredient provide the health benefits represented by Defendants; and (3) Defendants have no competent and reliable scientific evidence that Oscillo nor its sole active ingredient provide relief of flu-symptoms.

28.     Notwithstanding these deceptive representations and material omissions, Defendants conveyed and continue to convey a uniform message: Oscillo provides relief of flu-symptoms.

29.     Plaintiff and Class members have been and will continue to be deceived or misled by Defendants' deceptive representations. The Products' sole purported purpose is to provide relief of flu-symptoms. Thus, the only purpose behind purchasing said Products would be to obtain relief of flu-symptoms. There is no other reason for Plaintiff or the Class to have purchased the Products and Plaintiff and the Class would not have purchased the Products had they known Defendants' representations were false and

8

misleading and, in addition, that Defendants did not possess competent and reliable scientific evidence to support their relief of flu-symptoms representations. Thus, Defendants' representations and omissions necessarily deceived Plaintiff and the Class in some manner and said deception was a proximate cause of Plaintiff and the Class' injuries.

30.    As a result, Plaintiff and the Class members have been damaged in their purchases of Oscillo in that they were deceived in some manner into purchasing Defendants' Products.

31.    Defendants, by contrast, reaped enormous profits from their false marketing and sale of these Products.

## CLASS DEFINITION AND ALLEGATIONS

32.    Pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff Leonidas Jovel brings this action on behalf of himself and members of a Class defined as:

> All California residents who, within the applicable statute of limitations period, purchased Oscillococcinum and/or Children's Oscillococcinum. Excluded from the Class are Defendants and their officers, directors and employees and those who purchased Oscillococcinum and/or Children's Oscillococcinum for the purpose of resale.

33.    *Numerosity*. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Oscillo products who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

34.    ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions

affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a)    whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b)    whether Defendants' alleged conduct violates public policy;

(c)    whether the alleged conduct constitutes violations of the laws asserted;

(d)    whether Defendants engaged in false or misleading advertising;

(e)    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(f)    whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

35.    **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendants' deceptive flu relief statements that accompanied each and every box of the Oscillo products. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

36.    **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

37.    **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or

1   contradictory judgments arising from the same set of facts.  Individualized litigation would also

2   increase the delay and expense to all parties and the court system from the issues raised by this

3   action.  By contrast, the class action device provides the benefits of adjudication of these issues

4   in a single proceeding, economies of scale, and comprehensive supervision by a single court, and

5   presents no unusual management difficulties under the circumstances here.

6         38.   Plaintiff seeks preliminary and permanent injunctive and equitable relief on

7   behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and

8   prevent Defendants from engaging in the acts described, and requiring Defendants to provide

9   full restitution to Plaintiff and Class members.

10         39.   Unless a Class is certified, Defendants will retain monies received as a result of

11   their conduct that were taken from Plaintiff and Class members.  Unless a Class-wide injunction

12   is issued, Defendants will continue to commit the violations alleged, and the members of the

13   Class and the general public will continue to be deceived.

14         40.   Defendants have acted and refused to act on grounds generally applicable to the

15   Class, making appropriate final injunctive relief with respect to the Class as a whole.

16   <center>**COUNT I**</center>

17   <center>**Violation of Business & Professions Code §17200,** *et seq.*</center>

18         41.   Plaintiff repeats and re-alleges the allegations contained in the paragraphs above,

19   as if fully set forth herein.

20         42.   Plaintiff Leonidas Jovel brings this claim individually and on behalf of the Class.

21         43.   As alleged herein, Plaintiff has suffered injury in fact and lost money or property

22   as a result of Defendants' conduct because he purchased Oscillo in reliance on Defendants' flu-

23   symptoms representations detailed above, but did not receive a product that relieves or reduces

24   the duration of flu-like symptoms.

25         44.   The Unfair Competition Law, Business & Professions Code §17200, *et seq.*

26   ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any

27   false or misleading advertising.   In the course of conducting business, Defendants committed

28

<center>11</center>

unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

45.    Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

46.    Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in false advertising, misrepresented and omitted material facts regarding their Oscillo products, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

47.    As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.  Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.  This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

48.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

49.    Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

50.    Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq.*

51.    Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendants' material representations and omissions, which are described above.

This reliance has caused harm to Plaintiff and other members of the Class who each purchased Defendants' Oscillo products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

52.     As a result of their deception, Defendants have been able to reap unjust revenue and profit.

53.     Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

54.     Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II
### Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.*

55.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

56.     Plaintiff Leonidas Jovel brings this claim individually and on behalf of the Class.

57.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). Defendants' Oscillo products are "goods" within the meaning of the Act.

58.     Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Oscillo products:

(5)     Representing that [the Oscillo products have] . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

\*          \*          \*

(7)  Representing that [the Oscillo products are] of a particular standard, quality or grade . . . if [they are] of another.

*          *          *

(9)  Advertising goods . . . with intent not to sell them as advertised.

*          *          *

(16)  Representing that [the Oscillo products have] been supplied in accordance with a previous representation when [they have] not.

59.   Defendants violated the Act by representing and failing to disclose material facts on the product labels and associated advertising, as described above, when they knew, or should have known, that the representations were unsubstantiated, false and misleading and that the omissions were of material facts they were obligated to disclose.

60.   Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

61.   Pursuant to §1782 of the Act, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act.  Copies of the letters are attached hereto as Exhibit A.

62.   If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend this complaint to add claims for actual, punitive and statutory damages, as appropriate.

63.   Defendants' conduct is fraudulent, wanton and malicious.

64.   Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

///

///

14

## COUNT III
### Breach of Express Warranty

65.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

66.    Plaintiff Leonidas Jovel brings this claim individually and on behalf of the Class.

67.    Defendants expressly warranted on each and every box of their Oscillo products that the Product "Temporarily relieves flu-like symptoms such as run-down feeling, headache, body aches, chills and fever" and the Product's sole active ingredient reduces "the duration and severity of flu-like symptoms". The flu-symptoms statements made by Defendants are an affirmation of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise.  Plaintiff placed importance on Defendants' flu-symptoms representations.

68.    All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

69.    Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a Product that would provide flu-symptom relief as represented.

70.    As a result of Defendants' breach of their contract, Plaintiff and the Class have been damaged in the amount of the price of the products they purchased.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.    Certifying the Class as requested herein;

B.    Awarding Plaintiff and the proposed Class members damages;

C.    Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D.    Awarding injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants

to identify, with Court supervision, victims of their conduct and pay them all money they are required to pay;

      E.     Ordering Defendants to engage in a corrective advertising campaign;

      F.     Awarding attorneys' fees and costs; and

      G.     Providing such further relief as may be just and proper.

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: December 29, 2011

                    BONNETT, FAIRBOURN, FRIEDMAN
                    & BALINT, P.C.

                    Elaine A. Ryan
                    Patricia N. Syverson
                    2901 N. Central Ave., Suite 1000
                    Phoenix, AZ 85012
                    eryan@bffb.com
                    psyverson@bffb.com
                    Telephone:  (602) 274-1100

                    BONNETT, FAIRBOURN, FRIEDMAN
                    & BALINT, P.C.
                    Todd D. Carpenter
                    600 W. Broadway, Suite 900
                    San Diego, California 92101
                    tcarpenter@bffb.com
                    Telephone:  (619) 756-6978

                    FUTTERMAN HOWARD ASHLEY
                    & WELTMAN, P.C.
                    Stewart Weltman
                    Dana Pesha
                    122 S. Michigan Avenue, Suite 1850
                    Chicago, Illinois 60603
                    sweltman@futtermanhoward.com
                    Telephone:  (312) 427-3600

                    *Attorneys for Plaintiff*

# EXHIBIT A

**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, PC**

JERRY C. BONNETT
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
KATHRYN A. HONECKER
GUY A. HANSON
MANFRED P. MUECKE[1]
TONNA K. FARRAR[2]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON
PATRICIA N. SYVERSON
KIMBERLY C. PAGE
TODD D. CARPENTER[1]
T. BRENT JORDAN[3]
LINDSEY M. GOMEZ

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri and Kansas
[3] Admitted Only in Pennsylvania

December 29, 2011

<u>**VIA CERTIFIED MAIL (RETURN RECEIPT)**</u>
<u>**(RECEIPT NO. 7011 0470 0002 5152 4973)**</u>

Boiron USA, Inc.
General Counsel
6 Campus Blvd, Building A
Newton Square, PA 19073

Re:    Jovel v. Boiron, Inc., et al.

Dear Sir or Madam:

Our law firm together with the Futterman, Howard, Ashley & Weltman law firm represent Leonidas Jovel and all other similarly situated California residents in an action against Boiron Inc., Boiron USA, Inc. and Laboratories Boiron (collectively "Boiron" or "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Boiron to consumers that their Oscillococcinum and Children's Oscillococcinum products ("Oscillo" or "the Products") provide relief from the flu and flu-like symptoms.

Mr. Jovel and others similarly situated purchased Oscillo unaware that Boiron's representations that Oscillo "reduces the duration and severity of flu-like symptoms" such as run down feeling, headache, body aches, chills and fever, are false. Several well-conducted clinical studies have found no causative link between Anas Barbariae, the primary active ingredient in Oscillo, and relief from the flu and flu like symptoms. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Boiron's flu relief representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Boiron with the intent to induce the consuming public to purchase Oscillo. The flu relief representations do not assist consumers; they simply mislead them.

Boiron's flu relief representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

(5)    Representing that [the Oscillo has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

* * *

   (7)  Representing that [Oscillo is] of a particular standard, quality or grade, . . . if [they are] of another.

* * *

   (9)  Advertising goods . . . with the intent not to sell them as advertised.

* * *

   (16)  Representing that [Oscillo has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

  Boiron's flu-relief representations also constitutes violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

  While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Boiron immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Boiron should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

  Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Boiron address these violations immediately.

  Boiron must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

  1.  Identify or make a reasonable attempt to identify purchasers of the subject Products;

  2.  Notify all such purchasers so identified that upon their request, Boiron will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase

price paid for such Products, plus interest, costs and fees;

3.      Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Oscillo purchasers who so request; and

4.      Cease from expressly or impliedly representing to consumers that these Products relieve or reduce the duration of the flu or flu like symptoms when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures

**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, PC**

JERRY C. BONNETT
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

MICHAEL N. WIDENER, Of Counsel

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
KATHRYN A. HONECKER
GUY A. HANSON
MANFRED P. MUECKE[1]
TONNA K. FARRAR[2]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON
PATRICIA N. SYVERSON
KIMBERLY C. PAGE
TODD D. CARPENTER[1]
T. BRENT JORDAN[3]
LINDSEY M. GOMEZ

[1] Admitted Only In California
[2] Admitted Only In California, Missouri and Kansas
[3] Admitted Only In Pennsylvania

December 29, 2011

<u>**VIA CERTIFIED MAIL (RETURN RECEIPT)**</u>
<u>**(RECEIPT NO. 7011 0470 0002 5152 4966)**</u>

Boiron, Inc.
General Counsel
6 Campus Blvd, Building A
Newton Square, PA 19073

    Re:    Jovel v. Boiron, Inc., et al.

Dear Sir or Madam:

    Our law firm together with the Futterman, Howard, Ashley & Weltman law firm represent Leonidas Jovel and all other similarly situated California residents in an action against Boiron Inc., Boiron USA, Inc. and Laboratories Boiron (collectively "Boiron" or "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Boiron to consumers that their Oscillococcinum and Children's Oscillococcinum products ("Oscillo" or "the Products") provide relief from the flu and flu-like symptoms.

    Mr. Jovel and others similarly situated purchased Oscillo unaware that Boiron's representations that Oscillo "reduces the duration and severity of flu-like symptoms" such as run down feeling, headache, body aches, chills and fever, are false. Several well-conducted clinical studies have found no causative link between Anas Barbariae, the primary active ingredient in Oscillo, and relief from the flu and flu like symptoms. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

    Boiron's flu relief representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Boiron with the intent to induce the consuming public to purchase Oscillo. The flu relief representations do not assist consumers; they simply mislead them.

    Boiron's flu relief representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

        (5)    Representing that [the Oscillo has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

\* \* \*

(7)     Representing that [Oscillo is] of a particular standard, quality or grade, . . . if [they are] of another.

\* \* \*

(9)     Advertising goods . . . with the intent not to sell them as advertised.

\* \* \*

(16)    Representing that [Oscillo has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Boiron's flu-relief representations also constitutes violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Boiron immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Boiron should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Boiron address these violations immediately.

Boiron must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.     Identify or make a reasonable attempt to identify purchasers of the subject Products;

2.     Notify all such purchasers so identified that upon their request, Boiron will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase

price paid for such Products, plus interest, costs and fees;

      3.     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Oscillo purchasers who so request; and

      4.     Cease from expressly or impliedly representing to consumers that these Products relieve or reduce the duration of the flu or flu like symptoms when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures



**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, PC**

JERRY C. BONNETT
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
KATHRYN A. HONECKER
GUY A. HANSON
MANFRED P. MUECKE[1]
TONNA K. FARRAR[2]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON
PATRICIA N. SYVERSON
KIMBERLY C. PAGE
TODD D. CARPENTER[1]
T. BRENT JORDAN[3]
LINDSEY M. GOMEZ

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only In California
[2] Admitted Only in California, Missouri and Kansas
[3] Admitted Only in Pennsylvania

December 29, 2011

Laboratories Boiron
General Counsel
20, rue de la Liberation
69110 Sainte-Foy-les-Lyon
FRANCE

     Re:    Jovel v. Boiron, Inc., et al.

Dear Sir or Madam:

     Our law firm together with the Futterman, Howard, Ashley & Weltman law firm represent Leonidas Jovel and all other similarly situated California residents in an action against Boiron Inc., Boiron USA, Inc. and Laboratories Boiron (collectively "Boiron" or "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Boiron to consumers that their Oscillococcinum and Children's Oscillococcinum products ("Oscillo" or "the Products") provide relief from the flu and flu-like symptoms.

     Mr. Jovel and others similarly situated purchased Oscillo unaware that Boiron's representations that Oscillo "reduces the duration and severity of flu-like symptoms" such as run down feeling, headache, body aches, chills and fever, are false. Several well-conducted clinical studies have found no causative link between Anas Barbariae, the primary active ingredient in Oscillo, and relief from the flu and flu like symptoms. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

     Boiron's flu relief representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Boiron with the intent to induce the consuming public to purchase Oscillo. The flu relief representations do not assist consumers; they simply mislead them.

     Boiron's flu relief representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

     (5)    Representing that [the Oscillo has] . . . characteristics, . . . uses [or]

benefits. . . which [it does] not have.

\* \* \*

(7)      Representing that [Oscillo is] of a particular standard, quality or grade, . . .
if [they are] of another.

\* \* \*

(9)      Advertising goods . . . with the intent not to sell them as advertised.

\* \* \*

(16)      Representing that [Oscillo has] been supplied in accordance with a
previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Boiron's flu-relief representations also constitutes violations of California Business and
Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to
California Civil Code §1782, we hereby demand on behalf of our client and all others similarly
situated that Boiron immediately correct and rectify this violation of California Civil Code §1770
by ceasing the misleading marketing campaign and ceasing dissemination of false and
misleading information as described in the enclosed Complaint.  In addition, Boiron should offer
to refund the purchase price to all consumer purchasers of these Products, plus reimbursement
for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without
leave of Court, as permitted by California Civil Code §1782, to include claims for actual and
punitive damages (as may be appropriate) if a full and adequate response to this letter is not
received.  These damage claims also would include claims under already asserted breach of
warranty theories, as well as the claims under the Consumers Legal Remedies Act.  Thus, to
avoid further litigation, it is in the interest of all parties concerned that Boiron address these
violations immediately.

Boiron must undertake all of the following actions to satisfy the requirements of
California Civil Code §1782(c):

1.      Identify or make a reasonable attempt to identify purchasers of the subject
Products;

2.      Notify all such purchasers so identified that upon their request, Boiron will offer

an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

      3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Oscillo purchasers who so request; and

      4.    Cease from expressly or impliedly representing to consumers that these Products relieve or reduce the duration of the flu or flu like symptoms when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

      We await your response.

      Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures

# EXHIBIT B

1
BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
3
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
4
eryan@bffb.com
5
psyverson@bffb.com
Telephone:    (602) 274-1100
6
7
BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
8
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
9
San Diego, California 92101
tcarpenter@bffb.com
10
Telephone: (619) 756-6978

11
FUTTERMAN HOWARD ASHLEY
   & WELTMAN, P.C.
12
STEWART WELTMAN (*To be admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
13
Chicago, Illinois 60603
14
sweltman@futtermanhoward.com
Telephone:  (312) 427-3600
15
16
Attorneys for Plaintiff

17
**UNITED STATES DISTRICT COURT**

18
**CENTRAL DISTRICT OF CALIFORNIA**

19
| LEONIDAS JOVEL, On Behalf of Himself and All Others Similarly Situated, | Case No.: |
|---|---|
20
| | CLASS ACTION: |
21
| Plaintiff, | |
22
| v. | DECLARATION OF PATRICIA N. SYVERSON PURSUANT TO CALIFORNIA CIVIL CODE §1780(d) |
23
| BOIRON, INC.; BOIRON USA, INC.; LABORATORIES BOIRON, | |
24
| | |
25
| Defendants. | |
26
27
28

1    I, Patricia N. Syverson, declare as follows:

2        1.    I am an attorney duly licensed to practice before all of the courts of the State of

3    California.  I am a shareholder of the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C.,

4    the counsel of record for plaintiff in the above-entitled action.

5        2.    Defendants Boiron Inc., Boiron USA, Inc. and Laboratories Boiron have done

6    and are doing business in the Central District of California.  Such business includes the

7    marketing, distributing and sale of their Oscillococcinum and Children's Oscillococcinum

8    (collectively "Oscillo") products.  Furthermore, Plaintiff Jovel purchased Oscillo in Los

9    Angeles, California.

10       I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct.

12   Executed this 29th day of December 2011, at Phoenix, Arizona.

13

14   Patricia N. Syverson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV11- 10803 SVW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Bonnett, Fairbourn, Friedman & Balint, P.C.
Patricia N. Syverson (203111)
2901 N. Central Ave. Suite 1000
Phoenix, Arizona  85012
(602) 274-1100
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LEONIDAS JOVEL, On Behalf of Himself and All
Other Similarly Situated,

CASE NUMBER

**CV11-10803**SVW(SHx)

PLAINTIFF(S)

v.

BOIRON, INC.; BOIRON USA, INC.;
LABORATORIES BOIRON,

**SUMMONS**

DEFENDANT(S).

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Patricia N. Syverson_____, whose address is _2901 N. Central Ave., Suite 1000, Phoenix, Arizona 85012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

DEC 2 9 2011

Clerk, U.S. District Court

Dated: _____

By: _____ **JULIE PRADO**

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11                              **SUMMONS**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

LEONIDAS JOVEL, On Behalf of Himself and All
Other Similarly Situated,

**DEFENDANTS**
Boiron, Inc., Boiron USA, Inc., Laboratories Boiron

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

Patricia N. Syverson/Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S.
                                    Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship
                                    of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No            ☐ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Calif. Bus. & Prof. Code § 17200 Violation of the Unfair Competition Law, Civil Code § 1750 Violation of Consumers Legal Remedies Act, Breach of Express Warranty

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | PERSONAL INJURY | PERSONAL PROPERTY | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV11-10803

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania<br>France |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Nathan L. Dyrr_     Date _12-29-11_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |