1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
LINDSEY M. GOMEZ-GRAY (*Admitted Pro Hac Vice*)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone:  (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
MANFRED P. MUECKE (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
mmuecke@bffb.com
Telephone:  (619) 756-7748

[Additional counsel appear on signature page]

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEWERT, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOIRON, INC. and BOIRON USA, INC.,<br><br>Defendants. | Case No. 11-cv-10803 SVW (SHx)<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE §17200 *et seq.*; and<br><br>2.  VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Christopher Lewert ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all other similarly situated California residents against Defendants Boiron Inc. and Boiron USA, Inc. (collectively "Boiron" or "Defendants"), and alleges as follows:

## NATURE OF ACTION

1.     Since at least the three years prior to the filing of the original complaint in this action and to the present (the "relevant time period"), Defendants have manufactured, marketed, sold and distributed Oscillococcinum and Children's Oscillococcinum (the "Products" or "Oscillo"). During the relevant time period, through uniform representations made on the Oscillo packaging, Defendants have and continue to urge consumers to "Take Oscillo at the First Sign of Flu-Symptoms!", that Oscillo "Temporarily relieves flu-like symptoms such as run-down feeling, headache, body aches, chills and fever", and that its sole active ingredient reduces "the duration and severity of flu-like symptoms" (collectively, the "flu-like relief representations"). The Oscillococcinum packaging states that it is for "Adults" and children 2 years of age and older and the Children's Oscillococcinum packaging states for "children 2 years of age and older." In all other respects the Products are identical – the same "active" ingredient, the same dosage, and the same representations.

2.     Oscillo does not and, based upon basic principles of chemistry and physics, cannot provide relief of flu-like symptoms. This is because Oscillo is a sugar pill. The sole "active" ingredient in Oscillo is described on the label as Anas Barbariae Hepatis et Cordis extractum 200ck HPUS ("Anas Barbariae"). The remaining ingredients are sugars.

3.     The Latin term Anas Barbariae refers to the fact that the original substance used for the "active ingredient" in Oscillo is a combination of duck hearts and livers that go through a process as described in the Homeopathic Pharmocopia of

Case No. 11-cv-10803 SVW (SHx)

the United States ("HPUS")[1] monograph that includes their being incubated at 37 degrees centigrade for 40 days among other things.

4.    The 200ck means that an initial solution of Anas Barbarie is prepared that consists of 1% Anas Barbarie and 99% distilled water.  This solution is shaken and 1% of this solution is combined with 99% distilled water.  This process is repeated 200 times - ergo the number 200.

5.    The final dilution is put on little sugar pellets.  But, because of the dilution process described above, there is no mathematical/statistical possibility that even a single molecule of the original substance, Anas Barbarie, is in the final dilution.  In short, Anas Barbarie 200ck is water and Defendants are placing this water on sugar pellets and selling them as a remedy for flu-like symptoms.

6.    A well-established principle of chemistry called Avogadro's number, and its companion principle Avogadro's limit, hold that when a substance is diluted past a certain level, none of the original substance will remain in the dilution. Because Defendants' dilution of 200ck so greatly exceeds Avogadro's limit, based upon basic principles of chemistry, there is no possibility of there being even one molecule of the original Anas Barbarie in the last dilution before it is put on the sugar pellets.

7.    In this vein, the National Institute of Health's National Center for Complementary and Alternative Medicine ("NCCAM"), the Federal Agency delegated to research complementary and alternative medicines. http://nccam.nih.gov/about/ataglance, has stated with regard to homeopathic remedies in general that: "A number of key concepts of homeopathy are not consistent with fundamental concepts of chemistry and physics.  For example, it is not possible to explain in scientific terms how a remedy containing little or no active ingredient can have any effect." *See* http:/nccam.nih.gov/health/homeopathy#hed5.

---

[1] A non-governmental entity.

8.      Plaintiffs' counsel has also engaged an expert, Chun-Su Yuan, MD Ph.D., of the University of Chicago Medical School, who, along with his colleague, performed a chemical analysis of Oscillo.  Their chemical analysis, using highly sensitive chemical analysis instruments, showed that there was no active ingredient in the Oscillo samples.

9.      Because Oscillo is no better than a sugar pill/placebo in the relief of flu-like symptoms – Defendants' representations are false, misleading, and deceptive.

10.     Selling a sugar pill/placebo and representing that it provides relief of flu-like symptoms is false, misleading and deceptive, even as to some consumers who, because of psychosomatic reasons, may have experienced a placebo effect after taking Oscillo.[2]

11.     Despite the deceptive nature of Defendants' representations, Defendants conveyed and continue to convey their deceptive flu-like relief representations through a variety of media (including their website and online promotional materials) and, most important, uniformly at the point of purchase on their Products' packaging and labeling. Further, the only reason that any consumer would purchase Oscillo is to obtain flu-like relief, which Oscillo does not provide.

12.     As a result of Defendants' deceptive representations, consumers - including Plaintiff and other members of the proposed Class - have purchased and future consumers will continue to purchase Products that do not perform as advertised.

13.     Plaintiff brings this action on behalf of himself and all other similarly situated California residents who purchased the Products to obtain redress for those who have purchased Oscillo.  Plaintiff alleges violations of the Consumers Legal Remedies Act and the Unfair Competition Law created by Defendants' advertising, including false labeling.

---

[2] *See* David A. Mark, Ph.D., The Placebo Effect Quantified, Nutraceuticals World (July 1, 2009) (the placebo effect for pain or mental state symptoms is roughly 30%....).

Case No. 11-cv-10803 SVW (SHx)

**JURISDICTION AND VENUE**

14.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a state different from Defendants.

15.     This Court has personal jurisdiction over Defendants because Defendants are authorized to do and do conduct business in California.  Defendants have marketed, promoted, distributed, and sold Oscillo in California, and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while he resided in this judicial district.  Venue is also proper under 18 U.S.C. § 1965(a) because Defendants transact substantial business in this District.

**PARTIES**

17.     Plaintiff Christopher Lewert resides in Los Angeles, California.  In or around January 2014, Plaintiff Lewert was exposed to, read and relied upon Defendants' flu-like relief representations on the Oscillo packaging and purchased and paid approximately $13 for one box of Oscillo.  At the time that he purchased Defendants' Product, Plaintiff Lewert was deceived by Defendants because he believed: (1) that Defendants' Oscillo product would provide him some or all of the benefits represented on the packaging; and (2) was proven to be and was effective with respect to the representations made on the packaging – that Oscillo would help to temporarily relieve flu-like symptoms.  The Oscillo product Plaintiff Lewert purchased was not proven to be effective and did not and, in fact, could not provide the represented flu-like relief benefits Defendants represented.  Had Plaintiff known the truth about Defendants' misrepresentations and omissions, including that the

Case No. 11-cv-10803 SVW (SHx)

scientific evidence demonstrated that Oscillo was not effective as represented by Defendants, Plaintiff would not have purchased Defendants' Product.  As a result, Plaintiff was deceived in some manner into purchasing the Product and suffered injury in fact and lost money.

18.    On information and belief, Plaintiff avers that Defendant Boiron, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania.  Boiron's headquarters is at 6 Campus Boulevard, Newton Square, Pennsylvania.  Boiron is the United States subsidiary of Laboratories Boiron.

19.    On information and belief, Plaintiff avers that Defendant Boiron USA, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania.  Boiron USA's headquarters is at 6 Campus Boulevard, Newton Square, Pennsylvania.  Boiron is the United States subsidiary of Laboratories Boiron.

20.    Defendants Boiron, Inc. and Boiron USA have manufactured, advertised, marketed, distributed, or sold the Oscillo products to tens of thousands of consumers in California and throughout the United States.

## FACTUAL ALLEGATIONS

21.    Defendants have and continue to manufacture, distribute, market, and sell Oscillo for the relief of flu-like symptoms.

22.    Oscillo is sold in California throughout a variety of retail outlets ranging from drugstores such as the CVS and Walgreens chains to grocery stores such as Whole Foods. Oscillo is available in 6, 12 or 30 dosages and sells for between $12 and $20. The following is a screen shot of an exemplar of Oscillo packages:

 

23.     Throughout the relevant time period and to the present, Defendants have consistently conveyed the message to consumers throughout California that Oscillo will temporarily relieve flu-like symptoms and reduce the duration and severity of flu-like symptoms simply by taking the recommended 3 doses of Oscillo every twenty-four hours. It does not.

24.     On the Oscillo packaging, Defendants represent that the claimed flu-relief is achieved through the one purported active ingredient in Oscillo – Anas Barbariae.  For example, directly to the right of where Anas Barbariae is listed, a column on the packaging states, "PURPOSE – To reduce the duration and severity of flu-like symptoms."  Defendants prominently represent on the Products' packaging and labeling that Oscillo temporarily relieves and reduces the duration and severity of flu-symptoms.  Front, back and top shots of a representative Oscillo product label appears as follows:

Front



Back



Top



25. Thus, Defendants' representations about Oscillo are false, misleading and deceptive.

Case No. 11-cv-10803 SVW (SHx)

1

*The Impact of Defendants' Wrongful Conduct*

2     26.   Despite the fact that Oscillo is nothing more than sugar pill, Defendants

3 continue to unequivocally claim that Oscillo temporarily relieves flu-like symptoms

4 and reduces the duration and severity of flu-like symptoms for adults and children

5 above the age of 2.

6     27.   As the manufacturers and distributors of Oscillo, Defendants possess

7 specialized knowledge regarding the content and effects of the ingredients contained

8 in Oscillo and are in a superior position to know the composition of Oscillo and the

9 effects or lack thereof Oscillo has on consumers.

10     28.   Specifically, Defendants affirmatively misrepresented that Oscillo

11 relieves flu-like symptoms.  Having made these affirmative misrepresentations,

12 Defendants failed to disclose what they knew: Oscillo is  a sugar pill.

13 Notwithstanding these deceptive representations and material omissions, Defendants

14 conveyed and continue to convey a uniform message: Oscillo provides relief of flu-

15 like symptoms.

16     29.   Plaintiff and Class members have been and will continue to be deceived

17 or misled by Defendants' deceptive representations. The Products' sole purported

18 purpose is to provide relief of flu-like symptoms. Thus, the only purpose behind

19 purchasing Oscillo would be to obtain relief of flu-like symptoms. There is no other

20 reason for Plaintiff or the Class to have purchased Oscillo and Plaintiff and the Class

21 would not have purchased Oscillo had they known Defendants' representations were

22 false and misleading.  Thus, Defendants' representations and omissions necessarily

23 deceived Plaintiff and the Class in some manner and said deception was a proximate

24 cause of Plaintiff and the Class' injuries.

25     30.   As a result, Plaintiff and Class members have been damaged in their

26 purchases of Oscillo in that they were deceived in some manner into purchasing

27 Defendants' Products.

28     31.   Defendants, by contrast, reaped enormous profits from their false

Case No. 11-cv-10803 SVW (SHx)

1  marketing and sale of Oscillo.

2  **POST COMPLAINT EVENTS**

3  32.     Subsequent to the filing of the original complaint in this action, a

4  proposed settlement in an action entitled *Gallucci v. Boiron Inc.*, 11-cv-2039 (S.D.

5  Cal.) (Attached as Exhibit 1) ("the *Gallucci* Settlement"), was preliminarily approved

6  on April 25, 2012.

7  33.     As set forth in the final approval order, the *Gallucci* Settlement class

8  period includes damages claims for all purchasers of Oscillo from January 1, 2000

9  up to and including July 27, 2012 – the apparent last notice publication date.

10  (Attached as Exhibit 2).

11  34.     The notice provided for a final approval hearing to take place on August

12  27, 2012.  However, the court, *sua sponte*, continued the final approval hearing to

13  October 1, 2012.

14  35.     On October 31, 2012, the court in *Gallucci* entered an order finally

15  approving the settlement.

16  36.     The objectors to the *Gallucci* Settlement have filed an appeal from the

17  final approval order, which is currently pending in the Ninth Circuit.

18  37.     Thus, as of this point in time, a final judgment has not yet been hardened

19  in the *Gallucci* case.

20  38.     Regardless of whether the *Gallucci* final approval order is upheld on

21  appeal, there are material deficiencies in the labeling changes provided for in the

22  *Gallucci* Settlement, which, as discussed below, allow Defendants to continue the

23  consumer frauds of which Plaintiff was a victim.

24  39.     Thus, the purported labeling changes that have been agreed to in the

25  *Gallucci* Settlement do not alter or change in any manner the false and misleading

26  representations of which Plaintiff Jovel originally complained and of which Plaintiff

27  Lewert now complains in this Second Amended Complaint.

28  40.     The only changes in the labeling agreed to in the *Gallucci* Settlement are

Case No. 11-cv-10803 SVW (SHx)

the following:

- Defendants are required to insert on the back of the Oscillo packaging purported "disclaimer" language that states that "these uses" have not been evaluated by the Food and Drug Administration."
- And, Defendants are required to insert language on the back panel of each Oscillo label that it is a "homeopathic dilutions: see www.[link created pursuant Paragraph 4.1.4] for details."[3]

41.    Neither of these purported labeling changes alters the false and misleading nature of the representations challenged in this action because the packaging still makes the same false flu-like relief representations without any qualification.   In fact, in the notice sent out in connection with the *Gallucci* settlement, Defendants contend that they stand by the representations at issue in this case.

42.    As a result, the packaging for Oscillo still makes and will continue to make the same false and misleading representations about providing relief of flu-like symptoms.

43.    Thus, while some potential purchasers may be dissuaded from purchasing Oscillo as a result of this purported "disclaimer," by definition, those who do purchase Oscillo will necessarily be deceived by Defendants' representations since there is no other reason to purchase Defendants' Products than for their purported flu-like relief capabilities.

44.    Likewise, the purported "changes" regarding the information concerning

---

[3] Paragraph 4.1.4. provides that the web page and other similar internet based links shall "provide an explanation of the K, CK and X dilutions that substantially conform to the explanations provided by the HPUS and homeopathic literature, and shall include a question and answer format, explaining the level of dilution or method, as provided in Exhibit E."  Even if someone were to take the trouble to go on the internet, prior to their purchasing Oscillo and read Exhibit E attached to *Gallucci* settlement, this in no way would provide them any meaningful information as to how or why the representations contested in this complaint are false and misleading.

Case No. 11-cv-10803 SVW (SHx)

the meaning of certain dilution terms on the packaging, while, at best, are completely confusing on their own, do nothing to change or alter the underlying misrepresentations and falsehoods asserted by Plaintiff – the packaging still makes and will continue to make the same false flu-like relief representations even if the *Gallucci* settlement is finally approved and the *Gallucci* labeling changes are fully implemented.

45.     Regardless of whether the *Gallucci* settlement approval is affirmed on appeal, the damages Class that Plaintiff will seek to represent are those persons who have purchased Defendants' Oscillo Products subsequent to July 27, 2012 (the settlement class cut-off date set by the district court in *Gallucci*). This Class will and should include both consumers who purchased the Products with the unchanged packaging (the same packaging as Plaintiff purchased) and, if and when Defendants change the packaging in accordance with the terms of the settlement agreement, the purchasers who have purchased Defendants' Products with this new packaging, since this new packaging will not alter any of the actionable misrepresentations made on the original packaging.

46.     Plaintiff's claims are common and typical to all of the purchasers described in the above paragraph in that he, like these purchasers, was deceived by the very same misrepresentations and, as a result, Plaintiff and the Class members he seeks to represent have suffered the same injury – all were deceived into purchasing Defendants' Oscillo as relieving flu-like symptoms when, in fact, it does not.

47.     As such, Plaintiff's claims and the claims of the Class he seeks to represent depend upon a common question – whether Defendants have falsely and deceptively marketed and sold Oscillo as relieving flu-like symptoms when it does not. This common question is capable of classwide resolution – the determination of its truth or falsity will resolve an issue that is central to the validity of every Class member's claim in one stroke.

48.     In short, the misrepresentations that deceived Plaintiff in his purchase of

Case No. 11-cv-10803 SVW (SHx)

Defendants' Products are identical to those made to consumers who have purchased Defendants' Products since July 27, 2012.

## CLASS ALLEGATIONS

49.     Plaintiff brings this action on behalf of himself and all other similarly situated California residents pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**Post-July 27, 2012[4] California Only-Class**

All California residents who from July 27, 2012 to the date of a preliminary approval order in this action purchased Oscillococcinum and/or Children's Oscillococcinum.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased Osscillococcinum and/or Children's Oscillococcinum for the purpose of resale.

50.     Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members. The precise number of Class members is unknown to Plaintiff.

51.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.   The common legal and factual questions include, but are not limited to, the following:

•       Whether the representations discussed herein that Defendants made about their Products were or are misleading, or likely to deceive;

•       Whether Plaintiff and the Class members were deceived by Defendants' representations;

•       Whether the alleged conduct constitutes violations of the laws asserted herein;

---

[4] As set forth in the final approval order, the *Gallucci* Settlement class period includes damages claims for all purchasers of Oscillo from January 1, 2000 up to and including July 27, 2012 – the apparent last notice publication date.

Case No. 11-cv-10803 SVW (SHx)

1        • Whether Plaintiff and Class members have been injured and the

2   proper measure of their losses as a result of those injuries; and

3        • Whether Plaintiff and Class members are entitled to an award of

4   compensatory/actual damages.

5        52. The claims asserted by Plaintiff in this action are typical of the claims of

6   the members of the Class, as the claims arise from the same course of conduct by

7   Defendants and the relief sought is common. Plaintiff and Class members suffered

8   injury and damages caused by their purchase of Oscillo manufactured, marketed,

9   distributed and sold by Defendants.

10       53. Plaintiff will fairly and adequately represent and protect the interests of

11  the members of the Class.  Plaintiff has retained counsel competent and experienced

12  in both consumer protection and class litigation.

13       54. A class action is superior to other available methods for the fair and

14  efficient adjudication of this controversy.  The expense and burden of individual

15  litigation would make it impracticable or impossible for proposed Class members to

16  prosecute their claims individually.  It would thus be virtually impossible for the

17  members of the Class, on an individual basis, to obtain effective redress for the

18  wrongs done to them.  Furthermore, even if Class members could afford such

19  individualized litigation, the court system could not.  Individualized litigation would

20  create the danger of inconsistent or contradictory judgments arising from the same

21  set of facts.  Individualized litigation would also increase the delay and expense to all

22  parties and the court system from the issues raised by this action.  By contrast, the

23  class action device provides the benefits of adjudication of these issues in a single

24  proceeding, economies of scale, and comprehensive supervision by a single court,

25  and presents no unusual management difficulties under the circumstances here.

26       55. Plaintiff seeks equitable relief on behalf of the entire Class, on grounds

27  generally applicable to the entire Class, requiring Defendants to provide full

28  restitution to Plaintiff and Class members.  Unless a Class is certified, Defendants

Case No. 11-cv-10803 SVW (SHx)

1   will retain monies received as a result of their conduct that were taken from Plaintiff

2   and Class members.

3   ## COUNT I

4   ### Violation of the Business & Professions Code § 17200, *et seq.*

5       56.    Plaintiff re-alleges and incorporates by reference the allegations

6   contained in the paragraphs above as if fully set forth herein.

7       57.    Plaintiff Christopher Lewert brings this claim individually and on behalf

8   of the Class.

9       58.    As alleged herein, Plaintiff has suffered injury in fact and lost money or

10  property as a result of Defendants' conduct because he purchased Oscillo in reliance

11  on Defendants' flu-like relief representations detailed above, but did not receive

12  products that relieve or reduce the duration of flu-like symptoms.

13      59.    The Unfair Competition Law, Business & Professions Code § 17200, *et*

14  *seq.* ("UCL"), prohibits any "unlawful," "fraudulent," or "unfair" business act or

15  practice and any false or misleading advertising.

16      60.    In the course of conducting business, Defendants committed unlawful

17  business practices by, *inter alia*, making misrepresentations (which also constitutes

18  advertising within the meaning of § 17200) and omissions of material facts, as set

19  forth more fully herein, and violating Civil Code §§ 1572, 1573, 1709, 1711, 1770

20  and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.* Plaintiff and the

21  Class reserve the right to allege other violations of law, which constitute other

22  unlawful business acts or practices.  Such conduct is ongoing and continues to this

23  date.

24      61.    In the course of conducting business, Defendants committed "unfair"

25  business acts or practices by, *inter alia*, making the flu-like relief representations

26  (which also constitutes advertising within the meaning of § 17200) and omissions of

27  material facts regarding Oscillo in their advertising campaign, including the

28  Products' packaging, as set forth more fully herein.  Plaintiff and other Class

Case No. 11-cv-10803 SVW (SHx)

1  members paid money for Products that would temporarily relieve flu-symptoms and

2  reduce the duration and severity of flu-like symptoms, which they did not receive.

3  While Plaintiff and Class members were harmed, Defendants were unjustly enriched

4  by their flu symptom representations and omissions.   Because the utility of

5  Defendants' conduct (zero) is outweighed by the gravity of the harm Plaintiff and

6  Class members suffered, Defendants' conduct is "unfair" as having offended an

7  established public policy.   Further, Defendants engaged in immoral, unethical,

8  oppressive, and unscrupulous activities that are substantially injurious to consumers.

9  62.   Further, as stated in this Complaint, Plaintiff alleges violations of

10  consumer protection, unfair competition and truth in advertising laws, resulting in

11  harm to consumers.   Defendants' acts and omissions also violate and offend the

12  public policy against engaging in false and misleading advertising, unfair competition

13  and deceptive conduct towards consumers.   This conduct constitutes violations of the

14  unfair prong of Business & Professions Code § 17200, *et seq.*

15  63.   There were reasonably available alternatives to further Defendants'

16  legitimate business interests, other than the conduct described herein.

17  64.   Business & Professions Code § 17200, *et seq.*, also prohibits any

18  "fraudulent business act or practice."

19  65.   In the course of conducting business, Defendants committed "fraudulent

20  business act or practices" by, *inter alia*, making the flu-like relief representations

21  (which also constitutes advertising within the meaning of § 17200) and omissions

22  of material facts regarding Oscillo in their advertising campaign, including the

23  Products' packaging, as set forth more fully herein.   Defendants misrepresented on

24  each and every Oscillo box that the Products, *inter alia*, "Temporarily relieves flu-like

25  symptoms such as run-down feeling, headache, body aches, chills and fever."

26  66.   Defendants' actions, claims, nondisclosures and misleading statements,

27  as more fully set forth above, were also false, misleading and/or likely to deceive the

28  consuming public within the meaning of Business & Professions Code § 17200, *et*

Case No. 11-cv-10803 SVW (SHx)

1   *seq.*

2   67.    Plaintiff and other members of the Class have in fact been deceived by

3   Defendants' material flu-like relief representations and omissions.   Defendants'

4   deception has caused harm to Plaintiff and other members of the Class who each

5   purchased Oscillo.  Plaintiff and the other Class members have suffered injury in

6   fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

7   68.    Defendants knew, or should have known, that their material

8   representations and omissions would be likely to deceive the consuming public and

9   result in consumers purchasing Oscillo.

10   69.    As a result of their deception, Defendants have been able to reap unjust

11   revenue and profit.

12   70.    Plaintiff, on behalf of himself and all others similarly situated, seeks

13   restitution and disgorgement of all money obtained from Plaintiff and the members

14   of the Class collected as a result of unfair competition and all other relief this Court

15   deems appropriate, consistent with Business & Professions Code § 17203.

16                          **COUNT II**

17            **Violations of the Consumers Legal Remedies Act –**

                    **Civil Code § 1750, *et seq.***

18   71.    Plaintiff repeats and re-alleges the allegations contained in the

19   paragraphs above, as if fully set forth herein.

20   72.    Plaintiff Christopher Lewert brings this claim individually and on behalf

21   of the Class.

22   73.    This cause of action is brought pursuant to the Consumers Legal

23   Remedies Act, California Civil Code § 1750, *et seq.* (the "Act").  Plaintiff is a

24   consumer as defined by California Civil Code § 1761(d).  Defendants' Oscillo

25   products are "goods" within the meaning of the Act.

26   74.    Defendants violated and continue to violate the Act by engaging in the

27   following practices proscribed by California Civil Code § 1770(a) in transactions

28

with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Oscillo products:

> (5)  Representing that [the Oscillo Products have] . . . approval, characteristics . . . uses [and] benefits . . . which [they do] not have . . . .
>
> * * *
>
> (7)  Representing that [the Oscillo Products are] of a particular standard, quality or grade . . . if [they are] of another.
>
> * * *
>
> (9)  Advertising goods . . . with intent not to sell them as advertised.
>
> * * *
>
> (16)  Representing that [the Oscillo Products have] been supplied in accordance with a previous representation when [they have] not.

75.    Defendants violated the Act by representing and failing to disclose material facts on the Oscillo labels and associated advertising, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

76.    Pursuant to § 1782 of the Act, by letters dated December 29, 2011, Plaintiff Jovel notified Defendants in writing by certified mail of the particular violations of § 1770 of the Act alleged in this action and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act.

77.    Defendants failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act.  Therefore, Plaintiff further seeks actual, punitive and statutory damages, as appropriate.

78.    Defendants' conduct is fraudulent, wanton and malicious.

**PRAYER FOR RELIEF**

Case No. 11-cv-10803 SVW (SHx)

1          Plaintiff and the Class pray that the Court enter an Order as follows:

2          a.     Certifying this action as a class action;

3          b.     Awarding to Plaintiff and the Class compensatory/actual damages and

4 such other monetary relief as the Court deems appropriate;

5          c.     Awarding attorneys' fees, expert fees and costs; and

6          d.     Awarding such other and further relief as the Court deems just and

7 proper.

8                     **DEMAND FOR JURY TRIAL**

9          Plaintiff hereby demands a trial of his claims by jury to the extent authorized

10 by law.

11

12 DATED:  May 16, 2014              BONNETT, FAIRBOURN, FRIEDMAN
                                    & BALINT, P.C.

13                               By:  _/s/ Patricia N. Syverson_

14                                ELAINE A. RYAN (_Admitted Pro Hac Vice_)
                                  PATRICIA N. SYVERSON (203111)

15                                LINDSEY M. GOMEZ-GRAY (_Admitted Pro Hac Vice_)

16                                2325 E. Camelback Road, Suite 300
                                  Phoenix, AZ 85016

17                                Telephone:  (602) 274-1100
                                  Facsimile:  (602) 274-1199

18                                eryan@bffb.com
                                  psyverson@bffb.com

19                                lgomez-gray@bffb.com

20                                BONNETT, FAIRBOURN, FRIEDMAN
                                  & BALINT, P.C.

21                                MANFRED P. MUECKE (222893)
                                600 W. Broadway, Suite 900

22                                San Diego, California 92101
                                mmuecke@bffb.com

23                                Telephone:  (619) 756-7748

24                                STEWART M. WELTMAN LLC
                                STEWART M. WELTMAN (_Admitted Pro_

25                                _Hac Vice_)
                                53 W. Jackson Suite 364

26                                Chicago, IL 60604Telephone:  312-588-5033
                                sweltman@weltmanlawfirm.com

27                                (Of Counsel Levin Fishbein Sedran &
                                Berman)

28                                            Case No. 11-cv-10803 SVW (SHx)

1

2    LEVIN FISHBEIN SEDRAN & BERMAN
     Howard J. Sedran (*To be admitted Pro Hac*
3    *Vice*)
     Keith J. Verrier (*Admitted Pro Hac Vice*)
4    510 Walnut Street
     Philadelphia, Pennsylvania 19106
5    hsedran@lfsblaw.com
     kverrier@lfsblaw.com
6    Telephone: (215) 592-1500

7    Jeff S. Westerman (94559)
     Jordanna G. Thigpen (232642)
8    WESTERMAN LAW CORP.
     1925 Century Park East, Suite 2100
9    Los Angeles, CA 90067
     Tel: 310-698-7450
10   Fax: 310-201-9160
     Email: jwesterman@jswlegal.com
11   jthigpen@jswlegal.com

12   *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 19, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this, the 19th day of May 2014.


*/s/ Patricia N. Syverson*
Patricia N. Syverson (203111)
*psyverson@bffb.com*
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2325 E. Camelback Road, Ste. 300
Phoenix, Arizona 85016
Telephone:   (602) 274-1100

Case No. 11-cv-10803 SVW (SHx)