FILED
CLERK, U.S. DISTRICT COURT

June 16, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ____IV____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEWERT, individually and on behalf of all other similarly situated, | Case No. CV 11-10803-AB (JPRx) |
| Plaintiffs, | |
| v. | **CLOSING JURY INSTRUCTIONS** |
| BOIRON, INC. and BOIRON, USA, INC., | |
| Defendants. | |

The following sets forth the Court's concluding jury instructions which will guide your consideration of the evidence in this case.

Dated: June 16, 2016

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

## 1. DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## 2.   CLAIMS AND DEFENSES

By way of reminder, I will give you a brief summary of the positions of the parties:

This is a class action lawsuit.  The plaintiff asserts on behalf himself and other purchasers of defendants' product, Oscillococcinum ("Oscillo"), that defendants violated the Consumer Legal Remedies Act because Oscillo cannot provide relief of flu-like symptoms as stated on the product packaging.  Plaintiff has the burden of proving this claim.

Defendants deny this claim and contend that Plaintiff cannot prove that Oscillo cannot provide relief of flu-like symptoms.

**3.      CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1
2
### 4.     LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

3    Under the law, a corporation is considered to be a person. It can only act
4  through its employees, agents, directors, or officers.  Therefore, a corporation is
5  responsible for the acts of its employees, agents, directors, and officers performed
6  within the scope of their jobs.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 5.   "CLASS ACTION" DEFINED (PLAINTIFF CLASS)

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Christopher Lewert brings this action as the class representative.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this stage of the trial applies to all class members. All members of the class will be bound by the result of this trial. In this case, the class consists of the following:

All California residents who after July 27, 2012, and up to:

August 31, 2013, purchased 30-dose Oscillo packages;

June 30, 2014, purchased 12-dose Oscillo packages; and/or

July 31, 2014, purchased 6-dose Oscillo packages.

**6.     CALIFORNIA CONSUMER LEGAL REMEDIES ACT,**
**CIVIL CODE §§ 1750, *ET SEQ.***

Plaintiff alleges that Defendants violated provisions of California's Consumer Legal Remedies Act, also known as the CLRA.  To establish this claim, Plaintiff must provide affirmative evidence to prove each of the following, by a preponderance of the evidence:

1.     Defendants represented that Oscillo relieves flu-like symptoms;

2.     Defendants' representations that Oscillo relieves flu-like symptoms were false;

3.     Plaintiff Christopher Lewert purchased Oscillo in reliance on Defendants' representations that Oscillo relieves flu-like symptoms;

4.     The members of the class that Plaintiff represents purchased Oscillo in reliance on Defendants' representations that Oscillo relieves flu-like symptoms; and

5.     Plaintiff Christopher Lewert, and the members of the class he represents, were harmed by Defendants' representations that Oscillo relieves flu-like symptoms.

Plaintiff may prove that the class members relied on Defendants' representations by establishing that Defendants' representations that Oscillo relieves flu-like symptoms were material to the reasonable consumer.

A reasonable consumer is an ordinary consumer acting reasonably under the circumstances, and is neither the most nor least sophisticated consumer.

A representation is material if a reasonable consumer would attach importance to its existence or nonexistence in determining whether to purchase Defendants' product.

## 7.  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## 8.   WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

### 9.    WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### 10.   EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I have instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**11.   CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## 12.  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

1

### 13.   RULING ON OBJECTIONS

2

There are rules of evidence that control what can be received into evidence.

3

When a lawyer asked a question or offered an exhibit into evidence and a lawyer on

4

the other side thought that it is not permitted by the rules of evidence, that lawyer

5

may have objected.  If I overruled the objection, the question was answered or the

6

exhibit was received.  If I sustained the objection, the question could not be

7

answered, and the exhibit could not be received.  Whenever I sustained an objection

8

to a question, you must ignore the question and must not guess what the answer

9

might have been.

10

Sometimes I may have ordered that evidence be stricken from the record and

11

that you disregard or ignore the evidence.  That means that when you are deciding

12

the case, you must not consider the evidence that I told you to disregard.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**14.   CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any;

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

### 15.   DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Christophe Merville was taken on December 3, 2013; the deposition of Ronald Gentry was taken on September 10, 2015; and the deposition of John Lewert was taken July 17, 2014.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 16.   FOREIGN LANGUAGE TESTIMONY

You have heard testimony of a witness who testified in the French language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the French language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

## 17.   EXPERT OPINION

You have heard testimony from Dr. Robert Dumont, Dr. Daniel Isaacman, Mark Keegan, Dr. Siavash Kurdistani, Bruce Silverman, and Dr. Neil Spingarn, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1    **18.    EXPERTS—QUESTIONS CONTAINING ASSUMED FACTS**

2         The law allows expert witnesses to be asked questions that are based on

3    assumed facts.  These are sometimes called "hypothetical questions."

4         In determining the weight to give to the expert's opinion that is based on the

5    assumed facts, you should consider whether the assumed facts are true.

1

## 19.   TAKING NOTES

2       Some of you took notes during trial.  You may take your notes with you into

3   the jury room for deliberations.  Whether or not you take notes, you should rely on

4   your own memory of the evidence.  Notes are only to assist your memory.  You

5   should not be overly influenced by your notes or those of your fellow jurors.

6       When you leave, your notes should be left in the jury room.  No one will read

7   your notes.  They will be destroyed at the conclusion of the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 20.   BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 21.   NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

## 22.   DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 23.   COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 24.    RETURN OF VERDICT

I will give you a verdict form with questions you must answer.  I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately.  Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. After you answer a question, the form tells you what to do next.

All of you must deliberate on and answer each question. All of you must agree on an answer before you can move on to the next question.

When you have finished filling out the form, your presiding juror must write the date and sign it at the bottom of the last page and then notify the bailiff that you are ready to present your verdict in the courtroom.

**25.     CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### 26.   WHY ELECTRONIC COMMUNICATIONS AND RESEARCH ARE PROHBITED

I know that many of us are used to communicating and perhaps even learning by electronic communications and research. However, there are good reasons why you must not electronically communicate or do any research on anything having to do with this trial or the parties.

In court, jurors must make important decisions that have consequences for the parties. Those decisions must be based only on the evidence that you hear in this courtroom.

The evidence that is presented in court can be tested; it can be shown to be right or wrong by either side; it can be questioned; and it can be contradicted by other evidence. What you might read or hear on your own could easily be wrong, out of date, or inapplicable to this case.

The parties can receive a fair trial only if the facts and information on which you base your decisions are presented to you as a group, with each juror having the same opportunity to see, hear, and evaluate the evidence.

Also, a trial is a public process that depends on disclosure in the courtroom of facts and evidence. Using information gathered in secret by one or more jurors undermines the public process and violates the rights of the parties.