UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Lewert, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Boiron, Inc., et al.,<br><br>　　　　　Defendants. | Case No. CV 11-10803-AB (JPRx)<br><br>**FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW** |

　　　　Christopher Lewert ("Plaintiff"), individually and on behalf of a certified class, brought this action against Boiron, Inc. and Boiron, USA, Inc. ("Defendants" or "Boiron"), alleging violations of the Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq.*, and the Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, *et seq.* Plaintiff's legal claim under the CLRA came before a jury during a seven-day trial that began on June 7, 2016. The jury returned a verdict in favor of Defendants, finding Defendants' representations that its product, Oscillococcinum ("Oscillo"), relieves flu-like symptoms were not false. Dkt. No. 448. Plaintiff's equitable claim under the UCL remains, and the Court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal

1

Rules of Civil Procedure.

## I. LEGAL STANDARD

The Seventh Amendment provides that "no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. Under Ninth Circuit precedent, "it would be a violation of the Seventh Amendment right to jury trial for the court to disregard a jury's finding of fact." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013) (citing *Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991). "Thus, in a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are 'based on the same facts,' in deciding the equitable claims 'the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (citing *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 1989), *cert. denied*, 494 U.S. 1056 (1990)).

## II. FINDINGS OF FACT[1]

This is a class action consisting of California residents who after July 27, 2012, and up to: (1) August 31, 2013, purchased 30-dose Oscillo packages; (2) June 30, 2014, purchased 12-dose Oscillo packages; and (3) July 31, 2014, purchased 6-dose Oscillo packages. Dkt. No. 219.

The crux of Plaintiff's case is that Oscillo does not and cannot provide relief for flu symptoms as Defendants represent because Defendants' dilution process effectively eliminates any purportedly active ingredient in Oscillo, leaving nothing but a sugar pill. Accordingly, Plaintiff claims violations of the CLRA and UCL, and the facts and theories supporting each claim are the same: Plaintiff claims that because scientific evidence indicates the active ingredients in Oscillo are completely diluted out of the product, and thus cannot provide relief for flu symptoms, Defendants' representations to

---

[1] To the extent any of the Court's findings of fact may be considered conclusions of law, and vice versa, they are so deemed.

the contrary are false and/or fraudulent in violation of both the CLRA and UCL.[2]

In the jury trial addressing Plaintiff's CLRA claim, the jury returned a verdict expressly finding "Defendants' representations that Oscillo relieves flu-like symptoms" were *not* false. Dkt. No. 448. Though the verdict form did not require the jury to make any express findings as to why it found for Defendants on this claim, implicit in this verdict is a finding that Plaintiff failed to prove by a preponderance of the evidence that Oscillo is ineffective in relieving flu-like symptoms, or that Oscillo was nothing more than a sugar pill, such that Defendants' representations would be false. The evidence Plaintiff presented at trial primarily involved scientific documentation of the dilution process involved in manufacturing Oscillo, and the jury's implicit finding sufficiently rejected the conclusion that the dilution process caused the product to be ineffective.

Thus, the Court adopts, as it must, the jury's implicit factual determination that Plaintiff failed to prove by a preponderance of the evidence that Defendants' products cannot relieve the symptoms represented on Oscillo's packaging. In light of this implicit finding and the express finding that Defendants' representations were not false, and having duly considered the evidence presented by the parties, the Court also finds that Plaintiff failed to prove by a preponderance of the evidence that Defendants' representations on its packaging or advertisements were untrue, misleading, or likely to

---

[2] The Final Pretrial Conference Order confirms the facts and theories underlying each claim are the same. In summarizing the evidence to be presented in support of his CLRA claim, Plaintiff refers back to the summary of the dilution evidence summarized in support of the UCL claim, which happens to be the evidence presented at trial for the CLRA claim. *Compare* Dkt. No. 426, Final Pretrial Conference Order at 7 ("Specifically, the evidence will demonstrate that the Defendants' manufacturing process dilutes the starting material . . ."), *with* Final Pretrial Conference Order at 10 ("As discussed above, the evidence at trial will show that Defendants represented that Oscillo would provide relief from flu-like symptoms when Oscillo does not and cannot provide the represented flu-like relief benefits."). Moreover, at the final pretrial conference, counsel for Plaintiff admitted the facts underlying both claims are the same: "Whatever we put into evidence in the CLRA claim will cover more than what will be under the UCL claim." Dkt. No. 494-2, Declaration of Raija Horstman in support of Defendant's Opposition to Plaintiff's Post-Trial Memorandum, Ex. A at 9.

deceive the reasonable consumer. Without evidence independent of the jury's implicit rejection of Plaintiff's dilution argument to show Defendants' representations were still somehow misleading or deceptive, the Court has no basis to find otherwise.[3]

### III. CONCLUSIONS OF LAW

Plaintiff seeks equitable relief under the UCL in his second cause of action. The UCL prohibits unfair competition, defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff proceeds under the fraudulent practice prong, which requires a showing that "members of the public are likely to be deceived" by the business practice at issue. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 195 (1999) (Kennard, J., dissenting); *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992). Plaintiff also claims Defendants' representations were "deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

As discussed above, the Court is bound by the jury's implicit and express findings inasmuch as Plaintiff's UCL claim is based on the same facts as the CLRA claim decided by the jury. Considering the jury's findings, in addition its own finding that Plaintiff failed to prove Defendants' representations were untrue, misleading, or likely to deceive the reasonable customer, the Court concludes that Plaintiff's UCL claim fails.

///

///

---

[3] Once again, according to Plaintiff's representations, the evidence presented in support of the CLRA fully encompassed that in support of the UCL claim. *See supra*, note 2. That evidence did not include any suggestion that even if Defendants' representations were not false, they were somehow still misleading or deceptive, so as to support Plaintiff's argument in the post-trial briefing. *See* Dkt. No. 453, Plaintiff's Post-Trial Memorandum at 11 ("Each of these bases under the UCL (*i.e.*, untrue, misleading or deceptive conduct) are deemed to be separate and independent bases upon which to hold a defendant liable . . . ."). Though Plaintiff claims the Court can still rule in Plaintiff's favor on the UCL claim if it finds the representations were misleading or deceptive, Plaintiff has not presented, nor suggested he even has, evidence to this effect.

## IV. CONCLUSION

In light of the foregoing, the Court finds in favor of Defendants and against Plaintiff on the UCL claim. The Court will enter Judgment accordingly.

Dated: January 3, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE