**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER LEWERT, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BOIRON INC. and BOIRON USA, INC.,<br><br>Defendants-Appellees. | No.   17-56607<br><br>D.C. No. 2:11-cv-10803-AB-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted November 6, 2018[**]
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and GAITAN,[***] District Judge.

Christopher Lewert, the named plaintiff in a class action on behalf of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

group of California consumers, challenges the district court's refusal to strike testimony by an expert witness for Defendant-Appellees Boiron Inc. and Boiron USA, Inc. (collectively "Boiron"). He further appeals verdicts for Boiron after bifurcated jury and bench trials on his claims under California's Consumer Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL"). We affirm.

First, we decline to dismiss the appeal due to Lewert's failure to comply with Ninth Circuit Rule 10-3.1, which requires an appellant (1) to serve appellees with notice specifying which portions of the district court transcript the appellant intends to order within ten days of filing a notice of appeal, and (2) to order the transcript within 30 days. Although Lewert's procedural violation may have caused inconvenience, the record available to us contains all relevant information necessary to evaluate his assertions of error.

Second, the district court did not abuse its discretion by denying Lewert's motion to strike the trial testimony of Boiron's expert, Dr. Neil Spingarn. The crux of Dr. Spingarn's testimony remained consistent from his initial written report through trial. That the basis of that opinion and his confidence in it may have evolved as Dr. Spingarn learned more about how Boiron made Oscillo does not change its basic character, so the district court acted within its discretion by allowing him to testify.

Third, Boiron presented sufficient evidence from which the jury could have

concluded that Oscillococciuum ("Oscillo") actually treats the flu and is not a sugar pill. Because Lewert did not move for judgment as a matter of law at the close of evidence under Federal Rule of Civil Procedure 50(a), we review only for plain error. *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1212 (9th Cir. 1997). It appears that the jury believed Dr. Spingarn, Boiron's clinical studies, and its anecdotal evidence more than it believed Lewert's expert. Because neither expert actually tested Oscillo to see if it contained any therapeutic ingredient, this was a battle of the experts for the jury and not one that Lewert can relitigate on appeal. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

Fourth, Lewert's sole theory why Boiron's packaging was misleading or deceptive was that Oscillo was a sugar pill and ergo could not treat flu symptoms. When the jury found explicitly that Boiron's representations were not false, it must have implicitly rejected Lewert's argument that Oscillo was just sugar. The district court did not err in treating that factual finding as having preclusive effect on the UCL claims.

Because Lewert offered no theory as to how Oscillo's packaging might be misleading if indeed it treats flu symptoms—regardless of the mechanism by which it does so—he presented no evidence that would allow him to prevail under the UCL after the jury rejected his CLRA claims. *See* Cal. Bus. & Prof. Code

§ 17200.  The district court's factual finding that Boiron's claims were not misleading or deceptive was therefore supported by sufficient evidence and not clearly erroneous.

**AFFIRMED.**